**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**AT LEXINGTON**
**CRIMINAL ACTION NO. 08-139-KSF**
**CIVIL ACTION NO. 12-7225-KSF**

**UNITED STATES OF AMERICA**                                                **PLAINTIFF**

**V.**

**JACKIE CROWE**                                                                 **DEFENDANT**

**REPORT AND RECOMMENDATION**

On July 11, 2012, defendant Jackie Crowe filed a *pro se* motion pursuant to 28 U.S.C. §2255 to vacate or set aside his federal conviction and sentence based upon a purported expungement of a state court offense. Doc. 214. Defendant also filed a separate motion for resentencing based upon the same purported expungement. Doc. 215. Having considered the record and applicable law, I recommend that the §2255 motion be dismissed and the motion for resentencing be denied.

**I. Factual and Procedural History**

On October 30, 2008, pursuant to a plea agreement, defendant pleaded guilty to one count of conspiracy to distribute oxycodone. Doc. 106. Section eight of the plea agreement, which defendant signed, provided in bold letters that **"[t]he Defendant waives the right to appeal and the right to attack collaterally the guilty plea, conviction, and sentence, including any order of restitution."** Doc. 106, p. 3. During the rearraignment, Judge Forester asked defendant and his co-defendants: "And do you each understand that you've waived your right to appeal and your right to collaterally attack your guilty plea, conviction, and sentence, including any order of restitution?" Doc. 111, p. 9-10. Defendant responded, "[y]es, sir." *Id.* at

p. 10.

Prior to sentencing, defendant's counsel filed a sentencing memorandum asking the Court to sentence defendant below the applicable guideline range of 92 to 115 months' imprisonment. Doc. 147. That memorandum stated, among other things, that defendant "maintains that the [state court] conviction of violation of a Domestic Violence Order (by failing to appear in court) is to be dismissed." *Id.* at p. 2. Similarly, defendant's counsel objected to the presentence investigation report (PSR) assessing a criminal history point for defendant's state court conviction for violating the domestic violence order (DVO) because "defendant has informed counsel that this conviction is going to be dismissed." Doc. 176, p. 22. The probation officer stated that the objection was unavailing "because a maximum of four points can be counted . . . this additional point does not affect the overall criminal history category of VI."[1] *Id.*

At the February 6, 2009 sentencing hearing, defendant's counsel argued that "[o]ne crime was a violation of a domestic violence order that he was convicted with because he failed to appear in Court. He claims that's going to be dismissed, anyway." Doc. 181, p. 7-8. The Court acknowledged that defendant did not have "any drug convictions here, that I can see. But you've got -- you have had a bunch of other convictions that count just as much as a drug conviction." *Id.* at p. 10. The Court sentenced defendant to 92 months' imprisonment, the lowest sentence within the applicable guideline range. Doc. 171.

Though an appeal was filed on behalf of defendant, counsel filed a motion to withdraw and an *Anders*[2] brief stating that there were no arguable issues for appeal. Doc. 186. In a

---

[1] *See* U.S.S.G. 4A1.1.

[2] *Anders v. California*, 386 U.S. 738 (1967).

2

November 13, 2009 order affirming defendant's conviction and sentence, the Sixth Circuit held that "[t]he district court reviewed the terms of Crowe's plea agreement and ascertained that Crowe understood those terms. Crowe understood the charge, potential penalties, and the rights he was waiving by his plea." *Id.* at p. 2.

No further substantive action was taken in the case until July 2012 when defendant filed his §2255 petition and motion for re-sentencing. Docs. 214, 215. As grounds for relief, both motions allege an order of expungement of the DVO-related misdemeanor offense was entered in February 2012 in a Kentucky State court. Defendant contends the expungement lessens his criminal history points and, concomitantly, his guidelines range. Notably, petitioner only provided a letter from the Kentucky Department of Public Advocacy dated February 11, 2012 as proof that the expungement occurred. *See* Doc. 215-1. That letter provides that the expungement occurred on February 8, 2012. Defendant did not provide a copy of any order of expungement, nor did defendant provide an affidavit from his state counsel verifying the purported expungement.

**II. Analysis**

**A. Defendant Knowingly and Voluntarily Waived His Right to File a §2255 Petition**

The rearraignment transcript clearly demonstrates that defendant was aware of all relevant portions of the plea agreement, including the waiver clause. During its oral summary of the plea agreement the United States explicitly explained that the agreement required defendant to "waive his right to appeal and the right to file a separate lawsuit regarding the guilty plea and conviction, including any order of restitution." Doc. 111, p. 6. Defendant admitted the United States had accurately summarized the terms of the plea agreement. *Id.* at p. 7-8. Later

3

during the rearraignment the Court asked defendant if he understood that he had "waived [his] right to appeal and [his] right to collaterally attack your guilty plea, conviction, and sentence, including any order of restitution?" *Id.* at p. 9-10. Defendant answered, "[y]es, sir." *Id.* at p. 10.

The written plea agreement, which defendant signed, also provides that "[t]he Defendant and his attorney acknowledge that the Defendant understands this Agreement, that his attorney has fully explained this Agreement to him, and that his entry into this Agreement is voluntary." Doc. 106, p. 4. In addition, the Sixth Circuit has already held that "[t]he district court ensured that Crowe's guilty plea was knowing and voluntary. The district court reviewed the terms of Crowe's plea agreement and ascertained that Crowe understood those terms. Crowe understood the charge, potential penalties, and the rights he was waiving by his plea." Doc. 186, p. 2 (citations omitted).

The plea agreement accordingly should be enforced. The record compels a conclusion that defendant knowingly and voluntarily waived his right to collaterally attack his guilty plea, conviction and sentence. *See, e.g., In re Acosta*, 480 F.3d 421, 422-23 (6th Cir. 2007) ("Acosta has not raised a challenge that goes to the validity of his waiver, such as a claim that the waiver was involuntary or the product of ineffective assistance of counsel. Further, it is apparent from the record that the district court complied with Fed.R.Crim.P. 11(b)(1)(N), which requires that, before a guilty plea is accepted, the court must inform the defendant of, and determine that the defendant understands, the terms of any appellate-waiver provision in the plea agreement. We find that the waiver was valid and Acosta may not collaterally attack his sentence under 28 U.S.C. § 2255.") (citations, quotation marks and footnotes omitted). In addition, since he was aware that the expungement was forthcoming, defendant could have bargained for a clause in the

plea agreement whereby the DVO-related offense was not included in his criminal history. *See United States v. Sabater*, 441 Fed.Appx. 68, 72 (3d Cir. 2011) ("Although Sabater's bargaining power may have been greater absent the New Jersey conviction, such a circumstance is not sufficient to meet the stringent manifest injustice standard. Further, the record indicates that the possibility of vacation of the New Jersey sentence based on claims of racial profiling at the time the crime was committed in New Jersey was known at the time of the plea. No exception to the waiver for such a claim was included in the agreement.") (citation omitted). I recommend therefore that the plea agreement be enforced, which means that defendant's §2255 petition should be dismissed.

### B. Defendant Not Entitled To Be Re-Sentenced

Having determined that defendant has waived any right to seek collateral relief under 28 U.S.C. §2255, I will turn to defendant's separate motion to be resentenced. Doc. 215. Although the United States argues that this motion is also barred by the waiver clause of defendant's plea agreement, the Court need not definitively address the waiver argument as the motion fails on the merits.

The most obvious fatal flaw in defendant's motion is that he did not attach a court order actually expunging the conviction. The Court cannot grant relief without proof that an expungement actually was granted to defendant.[3]

The second reason the motion fails is that expungement of the misdemeanor conviction

---

[3] The purported expungement occurred in February 2012 and defendant's motion for re-sentencing was filed in July 2012. Defendant thus had ample opportunity to obtain a copy of the order of expungement but still did not present the order and/or an affidavit from his state court attorney averring that the expungement occurred.

would not serve to lower defendant's criminal history points (and resulting sentencing range under the Guidelines). As the United States points out, defendant had five misdemeanor convictions, including the conviction which has purportedly been expunged. Because of the nature of those offenses, only four could be counted in assessing defendant's criminal history points under U.S.S.G. 4A1.1(c). Accordingly, "even if the prior conviction that Crowe alleges to have been expunged is removed, the total criminal history points will not change. The prior misdemeanor conviction that was not originally counted toward his criminal history category would be added and the criminal history would remain 4 points."[4] Doc. 219, p. 3.

      Defendant admits in his reply that he has four other misdemeanor convictions but argues that "the 2 points he was enhanced for the DVO should also be removed and that would lower his point total to 8 points afer the three (3) total points would be removed." Doc. 221, p. 1. Scrutiny of the PSR reveals that two points were not added to defendant's score based on violating a DVO. Two points instead were added for defendant having committed his federal offense while on parole from a state sentence. Doc. 176, p. 11-12. Nowhere in the PSR were any points added for defendant having violated a DVO. In short, even if the Court leniently assumes the misdemeanor conviction in question has been expunged and further assumes, solely for purposes of argument, that the post-sentencing expungement would retroactively remove the DVO-related offense from being counted as part of defendant's criminal history, defendant is not entitled to relief because the expungement would have no effect on defendant's criminal history

---

[4] Pages eight through eleven of the sealed PSR contains defendant's criminal history. Page eleven provides that "[p]ursuant to U.S.S.G. §4A1.1(c) only four points can be assessed for prior sentences of non-imprisonment. Therefore, the criminal history score is reduced by one point which results in a criminal history of 11." Doc. 177, p. 11.

score and accompanying sentencing guidelines range.

### III.  Conclusion

For the foregoing reasons, it is **RECOMMENDED**:

1.  Jackie Crowe's petition for habeas corpus pursuant to 28 U.S.C. §2255 [Doc. 214] should be **dismissed**; and

2.  Jackie Crowe's motion for re-sentencing [Doc. 215] should be **denied**.

Particularized objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service or further appeal is waived.  Fed. R. Civ. P. 72(b)(2); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140, 155 (1985).  A general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of a written and specific objection.  *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)(citing *Howard v. Secretary of HHS*, 932 F.2d 505, 508-09 (6th Cir. 1991)).  Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal.  *Howard*, 932 F.2d at 509.  A party may respond to another party's objections within fourteen days of being served with a copy of those objections.  Fed. R. Civ. P. 72(b)(2).

This the 15th day of November, 2012.



Signed By:
J. Gregory Wehrman
United States Magistrate Judge