UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CRIMINAL ACTION NO. 5:08-CR-139-KSF

UNITED STATES OF AMERICA                                                              PLAINTIFF

vs.                                          **ORDER**

JACKIE LEE CROWE                                                                      DEFENDANT

\* \* \* \* \* \* \* \*

This matter is before the Court on the motion of Defendant Jackie Crowe ("Crowe") to vacate or set aside his federal conviction and sentence pursuant to 28 U.S.C. § 2255 based on a purported expungement of a state offense. Crowe separately moves for resentencing based upon the same purported expungement.

The matter was referred to Magistrate Judge J. Gregory Wehrman who, on November 15, 2012, issued Proposed Findings of Fact and Recommendation [DE #222] that Crowe's motions should be denied. A copy of the Magistrate Judge's Report and Recommendation was mailed to Crowe but returned by the post office. The Bureau of Prison's website showed on December 5, 2012, that Crowe was confined at FCI-Petersburg Medium. Accordingly a copy of the Report and Recommendation was mailed to the new address on that date.

No objections were filed to the Magistrate Judge's findings of fact and recommendation, and the time for filing same passed more than thirty days ago. Although this Court must make a *de novo* determination of those portions of the Magistrate Judge's recommendations to which objection is made pursuant to 28 U.S.C. § 636(b)(1)(c), "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Moreover, a party who fails to file objections to a Magistrate Judge's proposed

findings of fact and recommendation waives the right to appeal. *See Wright v. Holbrook*, 794 F.2d 1152, 1154-55 (6th Cir. 1986). Nevertheless, having examined the record and having made a *de novo* determination, the Court is in agreement with the Magistrate Judge's Report and Recommendation.

A certificate of appealability should only be issued if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When denials of relief are based on procedural defaults, a district court still should issue a certificate of appealability if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). In the present case, the Court determines that Defendant has not presented a close call or one which is "debatable." Therefore, a certificate of appealability will not issue.

Accordingly, it is hereby **ORDERED** as follows:

1. The Magistrate Judge's Report and Recommendation [DE 222] is **ADOPTED** and **INCORPORATED** by reference;

2. The Defendant's Motions [DE 214, 215] are **DENIED** and **DISMISSED** with prejudice;

3. A Certificate of Appealability shall not issue because the Defendant has not made a substantial showing of the denial of any substantive constitutional right; and

4. Judgment will be entered contemporaneously with this opinion and order in favor of the United States.

This February 8, 2013.



**Signed By:**

*Karl S. Forester*  KSF

**United States Senior Judge**